

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00216-CR
_____

**WILLIAM BRAYDEN DANIEL, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 35th District Court
Brown County, Texas
Trial Court No. CR22823 (Counts I and II); Honorable Stephen Ellis, Presiding

December 13, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following pleas of not guilty to two counts of burglary, Appellant, William Brayden Daniel, was convicted by the trial court on both counts and sentenced to eight years confinement.[1] The trial court ordered that the two sentences be served concurrently. By

---

[1] TEX. PENAL CODE ANN. § 30.02(a)(3) (West Supp. 2018). The indictment alleged that Appellant entered a habitation and attempted to commit or committed the felony offense of aggravated assault. As indicted, each offense was punishable as a first degree offense. § 30.02(d). The trial court, however, found Appellant guilty of the lesser-included offense of burglary by entering a habitation and committing or attempting to commit the offense of assault. § 30.02(a)(3). As adjudicated guilty, each offense was punishable as a second degree offense. § 30.02(c)(2).

one issue, Appellant maintains the evidence is legally insufficient to prove he entered the home of the complainants and committed or attempted to commit assault.[2] We affirm.

BACKGROUND

In August 2013, Royce Phillips and his former fiancée, Candice Schwab, were in a car accident and Royce was severely injured. He had surgery for a broken neck and back and was in the hospital for three weeks. He and Schwab were having problems, so he moved in with his father when he was discharged from the hospital. A few weeks later, he returned to the residence he shared with Schwab.

While Phillips and Schwab were separated, she was working at strip clubs and met Appellant through mutual friends. He provided her with transportation to work on several occasions and became interested in her but later fell prey to unrequited feelings.

During the late evening hours of October 13, 2013, after Phillips and Schwab had retired for the night, Appellant made numerous attempts to communicate with Schwab by phone and by text, which she ignored.[3] When the attempts did not stop, Phillips answered Schwab's phone and spoke with Appellant. He told Appellant he and Schwab were having sex and to leave her alone. Shortly thereafter, Schwab heard a knock on the front door, spied Appellant's vehicle outside, and ignored the knock on the door. Phillips then saw someone in the backyard.

---

[2] Originally appealed to the Eleventh Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Eleventh Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[3] Appellant testified he was trying to contact Schwab to let her know he had found her daughter's stolen bicycle at a pawn shop and wanted to return it. During the investigation, however, it was discovered that he was the person who had pawned the bicycle.

Without consent from either occupant, Appellant entered through the back door and proceeded into the bedroom where a verbal altercation between himself and Phillips escalated into a physical altercation. Appellant grabbed Phillips and slammed him against a wall while brandishing a knife.[4] Schwab's attempt to intervene was not successful and she reached for her phone and called 911. Appellant released Phillips, and Schwab pushed Appellant out the door and locked it. Schwab testified she was leaning against the door as Appellant repeatedly kicked it until he managed to break the doorjamb. Part of the door frame hit Schwab causing injuries to her eye and chest area.[5]

Detective Doug Hurt, a patrol officer at the time of the incident, responded to a burglary call at the residence. He observed the condition of the house and the damage to the back door and doorjamb. He photographed injuries sustained by Phillips and Schwab during the incident. After he left, he was dispatched to the residence a few hours later because of threatening texts that Appellant had sent to Schwab directing her to get Phillips out of the house by the following morning or there would be serious problems.

After Appellant was apprehended, he was interviewed by Detective Harold Thomas. Appellant admitted entering the residence but insisted he had Schwab's permission to be there because he had lived with her while Phillips was in the hospital. He testified that when there was no answer to his knock on the front door, he went to the back door, which was ajar, and entered. According to Appellant, he walked in on Phillips and Schwab engaging in sex and claimed that Phillips grabbed a knife and came at him.

---

[4] Appellant maintains it was Phillips who brandished the knife.

[5] Photos of Schwab's injuries were admitted into evidence. Some of the photos depicted injuries she sustained a few days after the incident when two males and a female in a truck followed her and threatened her to drop the charges against Appellant. They hit her in the head and severely beat her. During her testimony, the trial court questioned her to distinguish which injuries she sustained at the time of the burglary from the incident in which she was beaten by the three individuals at a later date.

He disarmed Phillips and, as he was running out the door, dropped his keys and had to kick the door in to retrieve them. He also denied any knowledge of how Schwab sustained her injuries.

APPLICABLE LAW

A person commits burglary if, without the effective consent of the owner, the person enters a building or a habitation and commits or attempts to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(3) (West Supp. 2018). An owner is a person who has (1) title to the property, (2) lawful or unlawful possession of the property, or (3) a greater right to possession of the property than the actor. § 1.07(a)(35)(A) (West Supp. 2018). "Enter" means to intrude any part of the body or any physical object connected with the body. § 30.02(b) (West Supp. 2018).

There are three methods by which to commit an assault. First, a person commits assault when he intentionally, knowingly, or recklessly causes bodily injury to another. § 22.01(a)(1) (West Supp. 2018). Second, assault is also committed when a person intentionally or knowingly threatens another with imminent bodily injury. § 22.01(a)(2) (West Supp. 2018). Finally, a person commits an assault if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. § 22.02(a)(3) (West Supp. 2018).

SUFFICIENCY STANDARD

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443

4

U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

We give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

We compare the elements of the offense as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial and whether properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326.

ANALYSIS

Appellant questions the sufficiency of the evidence to prove he had the requisite intent to commit or attempt to commit assault when he entered Phillips and Schwab's

residence. He contends the State failed to prove that he subsequently formed that intent after entry into the residence. We disagree.

Appellant's argument is misplaced. In the prosecution of a burglary offense, the State is required to prove that an accused entered the building or habitation "with intent" to commit an assault only when the accused is charged under section 30.02(a)(1) or (2), in which "intent" is listed as an element of the offense. In other words, subparagraphs (1) and (2) of the statute require proof of intent to commit a felony, theft, or assault *at the time of entry*. *See Johnson v. State*, No. 14-10-00931-CR, 2011 Tex. App. LEXIS 5296, at *5 n.1 (Tex. App.—Houston [14th Dist.] July 14, 2011, no pet.) (mem. op., not designated for publication) (emphasis added). *See also DeVaughn v. State*, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988) (noting that the attempted or completed assault required under section 30.02(a)(3) supplants the specific intent that accompanies entry under section 30.02(a)(1) and (2)); *Howell v. State*, No. 12-14-00127-CR, 2015 Tex. App. LEXIS 8172, at *5 (Tex. App.—Tyler Aug. 5, 2015, no pet.) (noting that a conviction for burglary under section 30.02(a)(3) does not require proof of intent at the time of entry).

While intent at the time of entry is an element under sections 30.02(a)(1) and (2) of the burglary statute, it is not an element of the offense under section 30.02(a)(3). The indictment in the underlying case charges Appellant with burglary under section 30.02(a)(3). Consequently, the State was not required to prove beyond a reasonable doubt that Appellant had formed the "intent" to assault Phillips or Schwab prior to entering the residence. All the State was required to prove was that he entered the residence without consent or permission and while inside, assaulted or attempted to assault Phillips and Schwab.

Antecedent to the burglary were numerous attempts by Appellant expressing his interest in Schwab via text messages and unanswered phone calls. She rebuffed his interest and testified she was "scared" when Appellant entered the residence because "he had started acting weird, creepy."[6] Phillips eventually answered Schwab's phone and informed Appellant that he and Schwab were engaged in sex and to leave her alone. Appellant then proceeded to enter the residence without consent or permission, threatened Phillips with a knife, and injured Schwab when he kicked in the back door. Thus, the entry element of the offense was undisputed.

Regarding the element of committing or attempting to commit an assault, the evidence established that Appellant got physical with Phillips and threatened him with a knife while Phillips was convalescing from a serious surgery. Appellant's version was that Phillips pulled a knife on him. However, one of the detectives testified that Appellant's version was not consistent with the evidence. He described Phillips's condition as frail from the accident and surgery. Schwab testified that Appellant was very weak from the surgery and did not have full use of his left arm. The trier of fact was free to resolve any conflicts in the testimony against Appellant. The evidence also established that Schwab was scared when Appellant entered the residence uninvited. Furthermore, Appellant's conduct in breaking down the back door to the residence caused Schwab to sustain injuries to her eye and chest area. As such, the evidence is legally sufficient to support Appellant's conviction of burglary on both counts. His sole issue is overruled.

---

[6] Appellant has a history of mental illness and there were several pretrial hearings on his mental competence.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.